**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

TRILLIUM PARTNERS, LP
90 Grove Street, Suite 108
Ridgefield, CT 06877

                                                      Case No.:

       Plaintiff


          v.

1812 BREWING COMPANY, INC.
981 Waterman Drive
Watertown, NY 13601

       Defendant

---

### COMPLAINT

Plaintiff, TRILLIUM PARTNERS, LP, ("TRILLIUM"), by and though its undersigned counsel files this Complaint against 1812 Brewing Company, Inc. ("KEGS"), and alleges:


1.      This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other debt, claims or securities of the same public company owned by the Plaintiff.


2.      This Court has jurisdiction over the parties hereto based on the Federal Statute.

1

3.      Venue is proper in the Northern District.

4.      Plaintiff is a limited partnership domiciled in Delaware and headquartered in Connecticut.

5.      Defendant is a publicly traded corporation, domiciled in Florida, with offices and a restaurant and brew pub located in New York, through which Defendant sells its products through distributors to retail stores throughout the United States, including Maryland, which trades under the ticker symbol KEGS, and can issue securities under Section 3(a)(10).

6.      On August 1, 2022, Plaintiff and Defendant entered into a Forbearance Agreement (the "Forbearance Agreement") under which the Defendant acknowledged certain promissory notes formalizing debts owed to Plaintiff in the amount totaling $13,729,381 (the "Debt") consisting of monies originally owed to two creditors, who assigned their debts to the Plaintiff, in the principal amount as follows:  $3,367,443 owed to Paul Graham, and $10,361,948 owed to Seaway Capital Partners, LLC a/k/a SC Partners (together, the "Creditors") Among other things, the Forbearance Agreement in Section 9(b) thereof, states that it is governed under Maryland law, and that the venue for any dispute is the United States District Court for the District of Maryland.  The Forbearance Agreement is attached hereto and incorporated herein as Exhibit A.

7.     The Forbearance Agreement required the Defendant under Section 1 therein a) to issue a new promissory note to the Plaintiff which consolidates the amounts currently owed to the Plaintiff from the Debt (the "Consolidated Note"), including default interest and penalties; b) to make a good faith payment of $5,000 to the Plaintiff by August 5, 2022 (the "Good Faith Payment"), and under Section 2 therein c) to file its Quarterly Report on OTCMarkets.com for the period ending June 30, 2022 (the "Quarterly Report") referencing the new promissory note issued to Plaintiff by August 5, 2022.    In exchange for Defendant's compliance with the terms detailed therein, Plaintiff agreed not to take any legal action per Section 5 therein.

8.     As of the date of this Complaint, the Defendant has failed to issue the Consolidated Note to Plaintiff, failed to make the Good Faith Payment, and failed to file its Quarterly Report referencing the Consolidated Note, although in Section 3(b) therein, Plaintiff did continue to list the Debt, but such Debt was shown in the names of the Creditors, and the numerous individual promissory notes issued to the Creditors were not itemized.  The Quarterly Report is attached hereto and incorporated herein as Exhibit B.

9.     On July 11, 2022, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Seaway Capital Partners, LLC, a creditor of Defendant ("SC" or a "Creditor").  As noted in SC's CPA, the total amount owed by Defendant to SC is in the amount of $10,361,948 (a "Claim"), of which Plaintiff seeks now in this Complaint to recover a portion of the Claim, as itemized below and further detailed and supported in the following paragraphs 10, 11, and 12.   Among other things, SC's CPA specifies, in Section

8 therein, that the CPA is governed by Maryland law and that the venue for any dispute is the state or federal courts in Maryland.   The SC CPA is attached hereto and incorporated herein as <u>Exhibit C</u>.

10.     On June 2, 2009, the Defendant filed a Current Report on Form 8-K (the "2009 8-K") with the Securities and Exchange Commission (the "SEC"), which detailed an Exchange Agreement dated May 20, 2009 between the Defendant and SC (the "Exchange Agreement") under which SC exchanged 1,028,410 Shares of the Defendant's Series C Preferred Stock for a Secured Convertible Debenture dated May 20, 2009 in the principal amount of $4,113,640 (the "SC Exchange Debenture").  On November 16, 2009, William M. Aul, Esq. issued a Legal Opinion as to the validity of the Exchange Agreement, and the applicability of Rule 144 of the Act to the SC Exchange Debenture. The SC Exchange Debenture, and the first 3 pages of the June 2, 2009 8-K, Mr. Aul's opinion and the Exchange Agreement are attached hereto and incorporated herein as <u>Exhibit D</u>. The full text of the 8-K was not included due to its size; however, the 2009 8-K is a matter of public record and can be downloaded directly from the SEC's Edgar system.

11.     On October 23, 2007, the Defendant filed a Current Report on Form 8-K/A, which detailed the Defendant's acquisition of all of the capital stock of WiseBuys Stores, Inc. (the "2007 8-K"), through a reverse merger (the "Merger") which involved Defendant issuing to certain shareholders of Wise, shares of Series C Preferred Stock as consideration for the Merger.   The first 2 pages of the 2007 8-K detailing the terms of the Merger, and the electronic Edgarized versions of the Merger Agreement and the Series C Certificate of

Designation are attached hereto and incorporated herein as <u>Exhibit E</u>. The full text of the 2007 8-K was not included due to its size; however, the 2007 8-K is a matter of public record and can be downloaded directly from the SEC's Edgar system.

12.     In addition to the principal amount of $4,113,640 from the SC Exchange Debenture, Plaintiff seeks repayment of the following Secured Convertible Debentures (the "SC Debentures") each of which is supported by a Key Bank Business Banking Statement, from the account ending in 8785, showing withdraws by SC, which correspond with the dates of payments made to or on behalf of the Defendant or its subsidiaries, all of which are attached hereto and incorporated herein as <u>Exhibit F</u> and due to its size, Exhibit F is divided into several individual PDFs:

| Date of Debenture | Principal Amount | Date of Payment(s) |
|---|---|---|
| July 15, 2009 | $150,000 | July 16 and 20, 2009 |
| August 7, 2009 | $99,000 | August 10, 2009 |
| September 11, 2009 | $25,000 | September 2, 2009 |
| September 21, 2009 | $35,000 | September 21, 2009 |
| September 30, 2009 | $30,000 | September 30, 2009 |
| October 15, 2009 | $34,000 | October 14 and 15, 2009 |
| November 20, 2009 | $12,500 | November 16 and 20, 2009 |
| January 6, 2010 | $10,000 | January 6, 2010 |
| February 4, 2010 | $7,000 | February 3 and 4 2010 |
| February 24, 2010 | $10,000 | February 23, 2010 |
| March 16, 2010 | $15,000 | March 15, 2010 |
| March 18, 2010 | $10,000 | March 17, 2010 |
| April 29, 2010 | $10,000 | April 23, 2010 |
| April 29, 2010 | $10,000 | April 29, 2010 |
| May 10, 2010 | $20,000 | May 10, 2010 |
| May 17, 2010 | $10,000 | May 18, 2010 |

13.     On July 12, 2022, Plaintiff entered into a Claims Purchase Agreement (the "CPA") with Paul Graham, a creditor of Defendant ("Graham" or a "Creditor"). As noted in Graham's CPA, the total amount owed by the Defendant to Graham is $3,367,443 (a

"Claim"), of which Plaintiff seeks now in this present Complaint to recover a portion of the Claim, as itemized below and further detailed and supported in paragraphs 14 and 15 below.   Among other things, Graham's CPA specifies, in Section 8 therein, that the CPA is governed by Maryland law and that the venue for any dispute is the state or federal courts in Maryland.   The Graham CPA is attached hereto and incorporated herein as Exhibit G.

14.     On February 20, 2009, Graham entered into an Assignment and Assumption Agreement and General Release (the "Assignment") with Golden State Equity Investors, Inc. ("Golden") under which Golden assigned to Graham all of its rights under a December 4, 2007 Secured Promissory Note dated December 4, 2007, which was originally issued by the Defendant to Golden for a principal balance of $1,500,000 per the Securities Purchase Agreement dated December 4, 2007 (the "Golden SPA"), but for which Golden actually funded the Defendant only $200,000 (the "Golden Note").   The purchase price of $220,000 (the "Assignment Payment") was paid by Graham to Golden on March 3, 2009, as evidenced by the withdraw of $220,000 from a UBS Business Services Account Statement for the account of Kalkaska Partners Fund, LLC (the "Graham Golden Statement").   A copy of the Assignment, excerpt of the Graham Golden Statement, Golden Note, Golden SPA and the Superior Court of California Complaint for Case No. 37-2009-00081581, under which Golden sued the Defendant, and the subsequent Dismissal dated March 5, 2009, are each attached to and incorporated herein as Exhibit H.

15.     In addition to the principal amount of $220,000 from the Assignment from Golden, Plaintiff seeks repayment of the following Secured Convertible Debentures (the

6

"Graham Debentures") each of which is supported by an 8-K or UBS Account Statements, showing transfers which correspond to the dates of consideration provided or payments made to or on behalf of the Defendant or its subsidiaries, all of which are attached hereto and incorporated herein as <u>Exhibit I</u>:

| Date of Debenture | Principal Amount | Date of Payment(s) |
|---|---|---|
| September 18, 2007 | $500,000 | September 18, 2007 |
| May 15, 2008 | $50,000 | May 21, 2008 |
| July 11, 2008 | $100,000 | July 10, 2008 |

16.    On July 29, 2022 Defendant engaged Crito Capital, LLC ("Placement Agent"), a FINRA registered broker-dealer, to serve as Placement Agent and which performed the due diligence of the Creditors' transactions with the Defendant giving rise to the Claims, and the purchase of the Claims by Plaintiff, for which Placement Agent is due a fee of 5% of the transaction value.  The Engagement Letter is attached hereto and incorporated herein as <u>Exhibit J</u>.

17.    TRILLIUM cannot recoup these losses without relief under Section 3(a)(10).

18.    KEGS's public filings confirm that KEGS is unable to repay TRILLIUM from cashflow, so TRILLIUM seeks a settlement under Section 3(a)(10) of the Securities Act of 1933 allowing KEGS to issue shares of its publicly traded common stock to settle TRILLIUM's Claims under Section 3(a)(10).

19.     Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

20.     The total outstanding balance represented by the above Claims is owed by Defendant to the Plaintiff and remains unpaid.

21.     Based upon the foregoing exhibits, the Defendant is responsible and liable to the Plaintiff for repayment thereof.

22.     Defendant has defaulted on its obligations to pay the Plaintiff pursuant to the Exhibits attached hereto.

23.     Creditors and Plaintiff have made verbal requests to Defendant for payment of the subject debts, but Defendant has failed to pay.

24.     As a direct and proximate result of the failure of Defendant to pay the debts which are the subject of this Complaint, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

September 6, 2022                              */s/ Matheau J. W. Stout*
                                              Matheau J. W. Stout (28054)

8

201 International Circle, Suite 230
Hunt Valley, Maryland 21030
(410) 429-7076 Tel
(888) 907-1740 Fax

*Attorney for Plaintiff*